IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-CV-811

| | | |
|---|---|---|
| DAVID RYAN WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLPATH, LLC; THE COUNTY OF | ) | |
| ROWAN; J. TRAVIS ALLEN, in his | ) | |
| official capacity; KEVIN AUTEN, in his | ) | |
| individual capacity; GREGORY | ) | **DEFENDANT JACQUELIN MICHELE** |
| HANNOLD, in his individual and official | ) | **WILLIAMS' ANSWER** |
| capacity; OFFICER JERRY EWART, in his | ) | |
| individual capacity; JOHN DOE | ) | |
| CORPORATION/PENNSYLVANIA | ) | |
| NATIONAL MUTUAL INSURANCE | ) | |
| COMPANY; KEVIN JOHN CORRIGAN, | ) | |
| in his individual capacity; ASHLEY | ) | |
| ROWLAND, in her individual capacity; | ) | |
| JACQUELIN MICHELE WILLIAMS, in | ) | |
| her individual capacity; and UNKNOWN | ) | |
| WELLPATH PROVIDER(S), | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COMES Defendant Jacquelin Michele Williams. (hereinafter "Defendant Williams"), by and through undersigned counsel and answers Plaintiff's Complaint as follows:

**INTRODUCTION**

1.      It is admitted that Plaintiff was an inmate at the Rowan County Detention Center located in Salisbury, North Carolina, including the date of July 31, 2021. The remaining allegations contained in paragraph 1 of the Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth or falsity of the allegations.

2.      Denied.

3.      Denied.

4.      Denied.

5.      It is admitted that Plaintiff was diagnosed with cryptococcal meningitis hydrocephalus and cerebellar edema. All other allegations contained in paragraph 5 of Plaintiff's complaint not specifically admitted or denied.

6.      Denied.

7.      Denied.

## JURISDICTION AND VENUE

8.      The allegations contained in paragraph 8 of the Plaintiff's Complaint call for legal conclusions and are therefore improper.

9.      The allegations contained in paragraph 9 of the Plaintiff's Complaint call for legal conclusions and are therefore improper.

## PARTIES

10.     Admitted upon information and belief.

11.     The allegations contained in paragraph 11 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

12.     The allegations contained in paragraph 12 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

13.     The allegations contained in paragraph 13 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

14.     The allegations contained in paragraph 14 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

15.     The allegations contained in paragraph 15 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

16.     The allegations contained in paragraph 16 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

17.     The allegations contained in paragraph 17 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

18.     The allegations contained in paragraph 18 of the Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

19.     Admitted the Defendant Jacquelin Michele Williams is a resident of Montgomery County, North Carolina, and is a Nurse Practitioner employed by Wellpath. All other allegations contained in paragraph 19 of Plaintiff's Complaint not specifically admitted or denied.

20.     It is admitted that Defendant Kevin John Corrigan is a medical doctor employed by Wellpath. Defendant does not have information sufficient to form a belief as to the remaining allegations contained in paragraph 20 of Plaintiff's Complaint and the same are therefore denied.

21.     It is admitted that Defendant Ashley Rowland is an LPN/LVN employed by Wellpath. Defendant does not have sufficient information to form a belief as to the remaining allegations contained in paragraph 21 of Plaintiff's Complaint and the same are therefore denied.

22.     Allegation contained in paragraph 22 of Plaintiff's Complaint call for legal conclusions and are therefore improper and denied.  Defendant also objects to being referenced in the plural.

## ALLEGATIONS

23.     The allegations contained in paragraph 23 of Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

24.     The allegations contained in paragraph 24 of Plaintiff's Complaint call for legal conclusions and are not directed toward this answering Defendant and are therefore improper and denied.

25.     This answering Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Plaintiff's Complaint and the same are therefore denied.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

26.     This answering Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Plaintiff's Complaint and the

same are therefore denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

27. This answering Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Plaintiff's Complaint and the same are therefore denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

28. This answering Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of Plaintiff's Complaint and the same are therefore denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

29. Denied.

30. It is admitted that Wellpath provides medical and behavioral healthcare to inmates in jails, prisons, and other detention facilities throughout the United States. Defendant does not have information sufficient to form a belief as to the remaining allegations contained in paragraph 30 of Plaintiff's Complaint and the same are therefore denied.

31. This answering Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of Plaintiff's Complaint and the same are therefore denied.

32. Denied.

33. Denied.

34. It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 34 of Plaintiff's Complaint

5

not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

35.     It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 35 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

36.     It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 36 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

37.     It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 37 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

38.     It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 38 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

39.     It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 39 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

40.     It is admitted that the CNN article referenced speaks for itself and is the best evidence of its contents.  All other allegations contained in paragraph 40 of Plaintiff's Complaint not specifically admitted are denied.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

41.     It is admitted that the Atlantic Magazine article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 41 of Plaintiff's Complaint not specifically admitted are denied.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

42.     It is admitted that the Triad City Beat article referenced speaks for itself and is the best evidence of its content. All other allegations contained in paragraph 42 of Plaintiff's Complaint not specifically admitted are denied.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

43.     It is admitted that the Triad City Beat article referenced speaks for itself and is the best evidence of its content. All other allegations contained in paragraph 43 of Plaintiff's Complaint not specifically admitted are denied.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

44.     It is admitted that the Triad City Beat article referenced speaks for itself and is the best evidence of its content. All other allegations contained in paragraph 44 of Plaintiff's Complaint not specifically admitted are denied.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

45.     It is admitted that the Atlantic Magazine article referenced speaks for itself and is the best evidence of its content.  It is further expressly denied that these allegations are relevant to Mr. Woods' case.

7

46. It is admitted that the Complaint filed in *Neville v. Wellpath, LLC, et al.*, 1:21-cv-758 (M.D.N.C. September 28, 2021) speaks for itself and is the best evidence of their contents. That matter was dismissed. All other allegations contained in paragraph 46 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

47. It is expressly denied that Wellpath ignored medical needs. Defendant does not have information sufficient to form a belief as to the truth or falsity of the remaining allegations and the same are therefore denied.

48. It is admitted that the request for proposals referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 48 of Plaintiff's Complaint not specifically admitted are denied.

49. It is admitted that the request for proposals referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 49 of Plaintiff's Complaint not specifically admitted are denied.

50. It is admitted that the addendum to the request for proposals referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 50 of Plaintiff's Complaint not specifically admitted are denied.

51. It is admitted that Rowan County Sheriff's Department entered into a contract with Wellpath, the contents of which speak for themselves and are the best evidence of its contents. All other allegations contained in paragraph 51 of Plaintiff's Complaint not specifically admitted are denied.

52. It is admitted that Rowan County Sheriff's Department entered into a contract with Wellpath, the contents of which speak for themselves and are the best evidence of its contents. All

8

other allegations contained in paragraph 52 of Plaintiff's Complaint not specifically admitted are denied.

53. It is admitted that Rowan County Sheriff's Department entered into a contract with Wellpath, the contents of which speak for themselves and are the best evidence of its contents. All other allegations contained in paragraph 53 of Plaintiff's Complaint not specifically admitted are denied.

54. It is admitted that Rowan County Sheriff's Department entered into a contract with Wellpath, the contents of which speak for themselves and are the best evidence of its contents. All other allegations contained in paragraph 54 of Plaintiff's Complaint not specifically admitted are denied.

55. It is admitted that the Salisbury Post article referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 55 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

56. The allegations contained in paragraph 56 of Plaintiff's Complaint are not directed toward this answering Defendant and are therefore denied.

57. It is admitted that the letter referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 57 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

58. It is admitted that the letter referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 58 of Plaintiff's Complaint not

9

specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

59. It is admitted that the letter referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 59 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

60. It is admitted that the letter referenced speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 60 of Plaintiff's Complaint not specifically admitted are denied. It is further expressly denied that these allegations are relevant to Mr. Woods' case.

61. Denied.

62. It is expressly denied that Wellpath ignored medical needs. Defendant does not have information sufficient to form a belief as to the truth or falsity of the remaining allegations and the same are therefore denied.

63. This answering defendant does not have information sufficient to form a belief as to the truth or falsity of these allegations and the same are therefore denied.

64. It is admitted that Wellpath was awarded the contract. It is expressly denied that Wellpath had any poor track record. Wellpath provides excellent medical care. All other allegations contained in paragraph 64 of Plaintiff's Complaint not specifically admitted are denied.

65. It is admitted that Plaintiff was arrested and was taken to Rowan County Detention Center. Defendant does not have information sufficient to form a belief as to the remaining allegations contained in paragraph 65 and the same are therefore denied.

10

66.     It is admitted that Wellpath's contract with Rowan County speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 66 of Plaintiff's Complaint not specifically admitted are denied.

67.     It is admitted that Wellpath's contract with Rowan County speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 67 of Plaintiff's Complaint not specifically admitted are denied.

68.     It is admitted that the receiving screening referenced are the best evidence of their contents and speaks for itself and is the best evidence of its contents. All other allegations contained in paragraph 68 of Plaintiff's Complaint not specifically admitted are denied.

69.     Denied.

70.     The allegations of paragraph 70 of Plaintiff's Complaint are denied.

71.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 71 of Plaintiff's Complaint not specifically admitted are denied.

72.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 72 of Plaintiff's Complaint not specifically admitted are denied.

73.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 73 of Plaintiff's Complaint not specifically admitted are denied.

74.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 74 of Plaintiff's Complaint not specifically admitted are denied.

75.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 75 of Plaintiff's Complaint not specifically admitted are denied.

76.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 76 of Plaintiff's Complaint not specifically admitted are denied.

77.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 77 of Plaintiff's Complaint not specifically admitted are denied.

78.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 78 of Plaintiff's Complaint not specifically admitted are denied.

79.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 79 of Plaintiff's Complaint not specifically admitted are denied.

80.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 80 of Plaintiff's Complaint not specifically admitted are denied.

81.	It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 81 of Plaintiff's Complaint not specifically admitted are denied.

82.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 82 of Plaintiff's Complaint not specifically admitted are denied.

83.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 83 of Plaintiff's Complaint not specifically admitted are denied.

84.     Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations complained in paragraph 84 of Plaintiff's Complaint and the same are therefore denied.

85.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 85 of Plaintiff's Complaint not specifically admitted are denied.

86.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 86 of Plaintiff's Complaint not specifically admitted are denied.

87.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 87 of Plaintiff's Complaint not specifically admitted are denied.

88.     It is admitted that Mr. Wood's medical chart speak for themselves and are the best evidence of their content. Mr. Wood's activity log is not part of his medical record.  All other allegations contained in paragraph 88 of Plaintiff's Complaint not specifically admitted are denied.

89.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 89 of Plaintiff's Complaint not specifically admitted are denied.

90.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 90 of Plaintiff's Complaint not specifically admitted are denied.

91.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 91 of Plaintiff's Complaint not specifically admitted are denied.

92.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 92 of Plaintiff's Complaint not specifically admitted are denied.

93.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 93 of Plaintiff's Complaint not specifically admitted are denied.

94.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 94 of Plaintiff's Complaint not specifically admitted are denied.

95.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 95 of Plaintiff's Complaint not specifically admitted are denied.

96.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 96 of Plaintiff's Complaint not specifically admitted are denied.

97.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 97 of Plaintiff's Complaint not specifically admitted are denied.

98.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 98 of Plaintiff's Complaint not specifically admitted are denied.

99.     It is admitted that Mr. Wood's medical records are the best evidence of their contents and speak for themselves. All other allegations contained in paragraph 99 of Plaintiff's Complaint not specifically admitted are denied.

100.     It is admitted upon information and belief that Plaintiff was treated at Novant Health Rowan Medical Center on September 28, 2021. The remaining allegations in paragraph 100 of Plaintiff's Complaint are denied for lack of information sufficient to form a belief as to the truth or falsity of the allegations contained therein.

101.     Admitted upon information and belief.

102.     Admitted upon information and belief.

103.     It is admitted that the September 30, 2021 hospital notes referenced speaks for itself and is the best evidence of its contents. All remaining allegations contained in paragraph 103 of Plaintiff's Complaint not specifically admitted or denied.

15

104.    Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 104 of Plaintiff's Complaint and the same are therefore denied.

105.    It is admitted that the October 5, 2021 hospital assessment referenced speaks for itself and is the best evidence of its contents. All remaining allegations contained in paragraph 105 of Plaintiff's Complaint not specifically admitted or denied.

106.    Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 106 of Plaintiff's Complaint and the same are therefore denied.

107.    Defendant does not have information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 107 of Plaintiff's Complaint and the same are therefore denied.

108.    It is admitted that Plaintiff's hospitalization and jail medical records speak for themselves and is the best evidence of its contents. All remaining allegations contained in paragraph 108 of Plaintiff's Complaint are denied for lack of sufficient knowledge to form a belief as to the truth or falsity of the allegations contained therein.

109.    Denied.

110.    The allegations contained in paragraph 110 of Plaintiff's Complaint call for legal conclusions and are therefore are improper and denied.

111.    The allegations contained in paragraph 111 of Plaintiff's Complaint call for legal conclusions and are therefore improper and denied.

112.    Denied.

16

113. Paragraphs "1" through "112" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

114. Denied.

115. Denied.

116. Denied.

117. The allegations contained in paragraph 117 of Plaintiff's Complaint call for legal conclusions and are therefore improper and denied.

118. Denied.

119. Paragraph "1" through "118" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

120. This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

121. This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

122. This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

123. This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

124. This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

125. This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

126. Denied.

127.     Denied.

128.     Denied.

129.     Denied.

130.     Paragraph "1" through "129" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Paragraph "1" through "133" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

135.     This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

136.     This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

137.     This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

138.     Denied.

139.     Denied.

140.     Paragraph "1" through "139" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

141.     Denied.

142.     Denied.

143.     Denied.

18

144.    Denied.

145.    Denied.

146.    Denied.

147.    Paragraph "1" through "146" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

148.    This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

149.    It is admitted that Plaintiff was an inmate at the Rowan County Detention Center during the time referenced in the Complaint. All other allegations contained in paragraph 149 of Plaintiff's Complaint are not specifically admitted or denied.

150.    This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

151.    The allegations contained in paragraph 151 of Plaintiff's Complaint call for legal conclusions and are therefore improper and denied.

152.    Denied.

153.    Paragraph "1" through "152" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

154.    This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

155.    This paragraph is not directed toward this answering Defendant and therefore no answer is required. To the extent a response is required, Defendant denies all allegations.

156.    Denied.

19

157.     Paragraph "1" through "156" of this Answer are hereby realleged and incorporated by reference as if fully set forth herein.

158.     Denied.

159.     Denied.

160.     Denied.

## FIRST DEFENSE

To the extent Plaintiff is seeking damages from this answering Defendant in some capacity other than its official capacity, Defendant is entitled to a qualified immunity since it was exercising its discretion in that capacity on behalf the government.

## SECOND DEFENSE

To the extent Defendant enjoys sovereign, governmental or public official immunities, this Court lacks subject matter and personal jurisdiction over Defendant.

## THIRD DEFENSE

Plaintiff has failed to adequately plead all necessary facts and elements of punitive damages against this answering Defendant and Plaintiff's claim for punitive damages are therefore barred.

## FOURTH DEFENSE

To the extent Plaintiff has failed to comply with the provisions of Rule 9 of the North Carolina Rules of Civil Procedure, Plaintiff's Complaint is barred as they do not state a claim upon which relief can be granted.

## FIFTH DEFENSE

As and additional defense, this answering Defendant alleges that to the extent Decedent failed to exercise reasonable care for his own health and safety as will be shown in discovery and at the trial of this matter and to the extent this failure was a proximate cause of his outcome, this answering Defendant pleads the defense of contributory negligence as an absolute bar against Decedent's recovery in this matter.

## SIXTH DEFENSE

To the extent this answering Defendant is found to be negligent, which is again denied, then this answering Defendant asserts superseding and intervening negligence of third parties as the proximate cause of Decedent's death, barring all claims against this Defendant.

## SEVENTH DEFENSE

To the extent the statute of limitations expired before Plaintiff filed the Complaint, Plaintiff's claim is barred.

## EIGHT DEFENSE

As an additional defense in bar to Plaintiff's right to recover herein, Defendant raises the immunities and limitations set out in N.C.G.S. § 90-21.130 to § 90-21.134, or any other COVID related applicable statutory or common law immunity.

WHEREFORE, this answering Defendant specifically prays the Court as follows:

1.     That Plaintiff's Complaint be dismissed and that he have and recover nothing from Defendant;

21

2.      That the cost of this action be tasked against Plaintiff;

3.      That there be a trial by jury on all issues so triable;

4.      and for as the Court shall grant such other and further relief as it may deem

just and proper.

This the 1st day of December, 2023.


                              **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**


                              BY: /s/Megan E. Cook
                                      Jennifer B. Milak
                                      N.C. State Bar No. 24418
                                      Megan E. Cook
                                      N.C. State Bar No. 47874
                                      P.O. Box 19207
                                      Raleigh, NC 27619-9207
                                      Telephone: (919) 873-0166
                                      Facsimile: (919) 873-1814
                                      ***Attorneys for Defendants Wellpath,***
                                      ***Williams, Rowland and Corrigan***
                                      jmilak@teaguecampbell.com
                                      mcook@teaguecampbell.com


22

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using

the CM/ECF system which will send notification of such filing to all counsel of record.

Elliot S. Abrams
Chesire Parker Schneider, PLLC
P.O. box 1029
Raleigh, NC 27602
elliot.abrams@chesirepark.com
***Attorney for Plaintiff***

Kathryn M. Alia (*Pro Hac Vice*)
Elizabeth C. Lockwood (*Pro Hac Vice*)
Ali & Lockwood, LLP
300 New Jersey Avenue, NW, Suite 900
Washington, DC 20001
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
***Attorneys for Plaintiff***

James R. Morgan, Jr.
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
jim.morgan@wbd-us.com
***Attorney for Defendants Rowan County,***
***J. Travis Allen, Kevin Auten, Gregory Hannold,***
***And Jerry Ewart***

This the 1st day of December, 2023.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/Megan E. Cook
     Jennifer B. Milak
     Megan E. Cook
     ***Attorneys for Defendants Wellpath,***
     ***Williams, Rowland, and Corrigan***

23