IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-CV-811

| | |
|---|---|
| DAVID RYAN WOOD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WELLPATH, LLC; THE COUNTY OF ) <br> ROWAN; J. TRAVIS ALLEN, in his ) <br> official capacity; KEVIN AUTEN, in his ) <br> individual capacity; GREGORY ) <br> HANNOLD, in his individual and ) <br> official capacity; OFFICER JERRY ) <br> EWART, in his individual capacity; ) <br> JOHN DOE ) <br> CORPORATION/PENNSYLVANIA ) <br> NATIONAL MUTUAL INSURANCE ) <br> COMPANY; KEVIN JOHN ) <br> CORRIGAN, in his individual capacity; ) <br> ASHLEY ROWLAND, in her individual ) <br> capacity; JACQUELIN MICHELE ) <br> WILLIAMS, in her individual capacity; ) <br> and UNKNOWN WELLPATH ) <br> PROVIDER(S), ) <br> ) <br> Defendants. | **DEFENDANTS KEVIN JOHN CORRIGAN ASHLEY ROWLAND, AND WELLPATH, LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

## I. **INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Kevin John Corrigan ("Dr. Corrigan") and Ashley Rowland move to dismiss Plaintiff's First Claim for Relief; Defendants Dr. Corrigan, Ms. Rowland and Wellpath, LLC ("Wellpath") move to dismiss Plaintiff's Third Claim for Relief; and, Wellpath moves to dismiss Plaintiff's

Second and Fourth Claims for Relief [D.E. 2] for failure to state a claim upon which relief may be granted. Plaintiff's allegations arise from the provision of medical services to Plaintiff while he was incarcerated in the Rowan County Detention Center located in Salisbury, North Carolina ("RCDC") in July 2021 through September 2021.

Plaintiff's Complaint brought the following claims against these moving Defendants.

First Claim for Relief: "42 U.S.C. § 1983-Failure to Provide Adequate Medical Care" in violation of the Eighth and/or Fourteenth Amendments against all individual defendants.

Second Claim for Relief: "42 U.S.C. § 1983-Failure to Provide Adequate Medical Care" in violation of the Eighth and/or Fourteenth Amendments against…Wellpath.

Third Claim for Relief: "42 U.S.C. § 1983-Failure to Intervene" in violation of the Eighth and/or Fourteenth Amendments against all defendants.

Fourth Claim for Relief: "Failure to Train and Supervise" in violation of the Eighth and/or Fourteenth Amendments against…Wellpath.

Fifth Claim for Relief: "Negligence" but more specifically medical negligence as against these defendants.

Punitive Damages: against all Defendants. [1]

Plaintiff fails to allege sufficient facts that Dr. Corrigan and Ms. Rowland were deliberately indifferent to Mr. Wood's substantial risk of serious harm. As a result,

---

[1] Defendants Corrigan and Rowland do not move to dismiss Plaintiff's Fifth or Punitive Claims for Relief at this time.

Plaintiff's 42 U.S.C. § 1983 "Failure to Provide Adequate Medical Care" should be dismissed against them.

Additionally, Plaintiff fails to allege that either Dr. Corrigan, Ms. Rowland, or Wellpath are "law enforcement officers" capable of being sued for Plaintiff's 42 U.S.C. § 1983 "Failure to Intervene" (also known as "bystander liability") claim.

Lastly, Plaintiff's *Monell* claims against Wellpath are based on mere conclusory statements and/or hearsay references with no basis in fact.

## II. FACTS ALLEGED IN PLANTIFF'S COMPLAINT

### a. ALLEGATIONS AGAINST CORRIGAN AND ROWLAND

On or about July 2, 2021, Wood was arrested for an alleged probation violation and was taken to RCDC. [D.E. 2, ¶ 65]. Plaintiff conflated Defendants Jacquelin Michele Williams, Kevin John Corrigan, Ashley Rowland, and Unknown Wellpath Provider(s) as "Provider Defendants." [D.E. 2, ¶ 22]. According to Plaintiff's allegations, Provider Defendants "served as gatekeepers for other medical personnel capable of treating Mr. Wood's serious medical condition." *Id.* at ¶ 70. According to Plaintiff, the Provider Defendants delayed and/or otherwise refused to fulfill their critical gatekeeping function, thereby delaying Wood's ability to access appropriate and necessary medical care. *Id.* Other than merely restating the contents of a Nursing Progress Note dated August 1, 2021 by Ms. Rowland and the contents of another evaluation note dated September 5, 2021 by Ms. Rowland, Plaintiff does not allege any other personal contact or interaction between Defendant Rowland and Wood. *Id.* at ¶¶ 73, 87. With regard to the individual-specific

3

allegations against Dr. Corrigan, Plaintiff alleges, "on information and belief," that Dr. Corrigan was the "provider" referenced in Ms. Rowland's August 1, 2021 Nursing Progress Note who was made aware of Plaintiff's condition referred to therein; that on August 31, 2021, "on information and belief," Dr. Corrigan reviewed Mr. Wood's medical chart and adjusted Mr. Wood's medications; and, that Plaintiff was seen by Dr. Corrigan on September 27, 2021 for the first time since complaining of his headaches and was referred for emergency room transport that same day by Dr. Corrigan. *Id*. at ¶¶ 73, 84, and 99.

### b. ALLEGATIONS AGAINST WELLPATH

Plaintiff's alleges that pursuant to a contract with Rowan County, Wellpath was delegated with final policymaking authority over policies, practices, and procedures regarding the provision of medical care to detainees in RCDC. *Id*. at ¶¶ 11, 56, 121. The contract, attached at Exhibit B to Defendant Rowan County's Brief in Support of its Motion to Dismiss, is fully incorporated herein by reference.[2] [D.E. 32-2]. As explained in Defendant Rowan County's Brief, the contract does not delegate to Wellpath the authority to make government policy. Plaintiff also alleges that Wellpath "is one of the largest medical…providers to jails, prisons, and other detention facilities in the United States…[,] delivering medical, mental and behavioral health services to nearly 300,000 patients…" *Id*.

---

[2] The Court may consider the contract when ruling on Rule 12(b)(6) to dismiss since it may "consider a document submitted by the movant that was not attached to or expressly incorporated into a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goins v. Valley Community Service Bd.*, 822 F. 3d 159, 166 (4th Cir. 2016). Additionally, the contract is a public record and federal courts may take judicial notice of public records when ruling on a motion to dismiss. *Corbin v. Hearst-Argyle Television, Inc.*, 561 F.Supp.2d 546. 550-551 (D.S.C. 2008).

at ¶ 30. Presumably, the 300,000 number refers to the number of patients treated by Wellpath annually. Plaintiff's Complaint proceeds with the conclusory allegation that Wellpath has a history of "providing inadequate, unconstitutional, and negligent medical care" to inmates in detention facilities nationwide. *Id*. at subheading B, p. 10; ¶ 32. Plaintiff makes a series of allegations based upon hearsay statements within articles in attempt to support this conclusory allegation.

Paragraphs 34-40 refer to a CNN expose which reported that "Wellpath and its predecessor had contributed to more than 70 deaths in detention facilities across the country," and that from 2014 to 2019, Wellpath had been sued for more than 70 deaths." *Id.* at ¶¶ 34-40. However, Plaintiff's allegations are void of details or allegations that these deaths were factually attributable to Wellpath.

Paragraphs 41-45 reference an article from The Atlantic Magazine discussing Deshawn Coley and Stephen Patterson who died at the Forsyth County Jail "while under the care of Wellpath's predecessor…" *Id.* at ¶ 41. The article states that Mr. Coley's estate sued Wellpath alleging its staff failed to treat Mr. Coley's high blood pressure leading to his death, but without any information alleged regarding the outcome of the lawsuit. *Id*. at ¶¶ 42-43.

Plaintiff also alleges that John Neville died while a detainee at Forsyth County Jail after being hogtied by officers for 12 minutes while "he wheezed 'I can't breathe…'" *Id*. at 46. However, Plaintiff includes no factual allegations that inadequate medical care had

5

anything to do with Mr. Neville's death as opposed to the actions of the officers hogtying him for 12 minutes. *Id*.

In Paragraph 47, Plaintiff cites to yet another article from 2020 that stated in 2016 a man named Michael Ramsey died of "cryptococcal meningitis after being incarcerated at a Massachusetts county jail." *Id*. at 47. Plaintiff notes what can be classified as double hearsay by quoting a physician who said he/she was "surpris[ed]" that "the jail's medical staff" did not diagnose Mr. Ramey earlier with meningitis. *Id*. In this same paragraph referencing yet another article, Plaintiff cites that Tiffany Davis "died of meningitis at a Michigan jail where Wellpath was the medical provider." *Id*.

In sum, instead of supporting his conclusory allegations with factual matters, he cites to hearsay statements from articles to state that 70 unnamed inmates died, *id.* at ¶¶41-45, and 5 named inmates died. *Id*. at ¶¶41-47. Plaintiff has pled no factual matter showing that these 75 individuals died because of malpractice by Wellpath.

### c. "BYSTANDER LIABILITY" ALLEGATIONS

Plaintiff's allegations are void of any claim that Dr. Corrigan, Ms. Rowland or Wellpath fall in the category of law enforcement officers for purposes of his claim of "bystander liability" Plaintiff instead alleges that at all time relevant to the Complaint, Dr. Corrigan and Ms. Rowland were medical providers [*Id*. at ¶¶ 20-21], and that Wellpath is a limited liability company that contracted with Rowan County and Rowan County Sheriff's Office to provide medical care to detainees at RCDC [*Id*. at ¶ 11].

6

Case 1:23-cv-00811-LCB-JEP   Document 34   Filed 12/15/23   Page 6 of 20

## III. ARGUMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A complaint must give defendants "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic,* 550 U.S. at 555. To meet this requirement the complaint must be supported by factual allegations. "While legal conclusions can provide the framework of the complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to presumption of truth. *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a plaintiff's complaint must allege "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* at 678, 129 S.Ct. at 1949. As the United States Supreme Court explained in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"

7

to state a claim. *Id.* (internal citation omitted). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678, 129 S.Ct. at 1949-1950.

A. **<u>PLAINTIFF'S FIRST CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE THERE ARE NO FACTUAL ALLEGATIONS THAT DEFENDANTS CORRIGAN AND ROWLAND WERE DELIBERATELY INDIFFERENT TO WOOD'S MEDICAL NEEDS.</u>**

In his first claim for relief, deliberate indifference under 42 U.S.C. § 1983, Plaintiff seeks to hold the individual Defendants Corrigan and Rowland, in their individual capacities, responsible for "fail[ing] ." [D.E. 124, ¶ 257.] Plaintiff, however, provides no factual allegations to support these legal conclusions as to each of these defendants as required by well-established case law, and this claim against Defendants Corrigan and Rowland must be dismissed.

An inmate's right to adequate medical care is violated only when a jail official acts with "deliberate indifference" to "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 827, 828, 114 S.Ct. 1970, 1974 (1994). Deliberate indifference "is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).

Historically, the Fourth Circuit has applied the same test for deliberate indifference claims brought pursuant to the Eighth or Fourteenth Amendment. *Brown v. Harris*, 240 F.3d 383, 389 (4th Cir. 2001). To demonstrate that Defendants were deliberately indifferent in the Eighth Amendment context, Plaintiff must demonstrate that the deprivation of medical treatment was "objectively, 'sufficiently serious'." *Scinto v. Stansberry,* 841 F.3d 219, 225 (4th Cir. 2016). In medical need cases, to be "sufficiently

8

Case 1:23-cv-00811-LCB-JEP   Document 34   Filed 12/15/23   Page 8 of 20

serious," requires "plaintiffs to demonstrate officials' deliberate indifference to a 'serious' medical need that has either 'been diagnosed by a physician as mandating treatment or…is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)). The second prong, the subjective element, requires that Defendants "had subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). This second prong requires Plaintiff to allege that Defendants did nothing to ameliorate the situation after becoming "aware of acts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1988) (internal citations omitted).

In a recent Fourth Circuit panel opinion, the panel discussed a change to the test for Fourteenth Amendment deliberate indifference claims for inadequate medical care purportedly eliminating the requirement of the subjective element. *Short v. Hartman*, No. 21-1396, 2023 WL 8488148, at *5-6, *10-11 (4th Cir. December 8, 2023). It is unclear whether the new test discussed in *Short* is now the test adopted by the Fourth Circuit since it appears to directly conflict "on a given issue" in which case, "the earliest opinion controls." *See, e.g. McMellon v. United States,* 387 F.3d 329, 332-334 (4th Cir. 2004).

Regardless of which test may apply here, under the sparse factual allegations against Dr. Corrigan and Ms. Rowland concerning their respective interactions with Wood, Plaintiff's 42 U.S.C §§1983 individual capacity liability claims cannot lie against these

9

Defendants. Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citations omitted). As the Supreme Court stated "[b]ecause vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each [] defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Therefore, in order to establish liability under § 1983, Plaintiff must affirmatively show that the individual Defendants "acted personally in the deprivation of the plaintiff's rights." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (internal citations omitted); *accord Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1997) ("liability will lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."). Plaintiff's failure to do so mandates dismissal of this claim against Dr. Corrigan and Ms. Rowland.

First, Plaintiff improperly conflates Defendants Jacquelin Michele Williams, Kevin John Corrigan, Ashley Rowland, and Unknown Wellpath Provider(s) as "Provider Defendants" in one paragraph of his Complaint [D.E. 2, ¶ 22]. By collectively referring to these defendants in that portion of his Complaint, he subverts his own intent to successfully bring this claim against those defendants because he fails to distinguish each individual's alleged acts or omissions that caused Plaintiff's constitutional violations.

Even those allegations which refer to either Dr. Corrigan or Ms. Rowland individually fail to meet the pleading requirements of this type of claim. First, Plaintiff's mere recitation of the contents of a Nursing Progress Note dated August 1, 2021 by Ms.

Rowland and the contents of another evaluation note dated September 5, 2021 by Ms. Rowland alleges no deprivation of medical treatment at all. *Id.* at ¶¶ 73, 87. To the contrary, this narration reflects that Ms. Rowland responded and provided medical treatment to Plaintiff for his complaints. Plaintiff does not allege any other personal contact or interaction between Defendant Rowland and Wood.

Plaintiff's allegations referencing Dr. Corrigan equally fail. Two of the three paragraphs containing Dr. Corrigan's name only state allegations "on information and belief." *Id.* at ¶¶ 73, 84. The third paragraph containing allegations against Dr. Corrigan, *id.* at ¶ 99, also does nothing more than recite the chart notations and state that Plaintiff was first seen by Dr. Corrigan on September 27, 2021 and that he referred Wood to the emergency room. "Generally, conclusory allegations based solely 'upon information and belief are insufficient to survive a motion to dismiss." *Retreat Med Spa & Weight Loss Ctr. v. Ascentium Capital LLC*, 615 F. Supp. 3d 379 (M.D.N.C. 2022). These allegations against Dr. Corrigan are nothing more than conclusory allegations at best, which, pursuant to well-established case law, are insufficient to survive a motion to dismiss.

The Fourth Circuit's recent decision in *Langford v. Joyner*, 62 F.4d 122 (4th Cir. 2023), is instructive. Langford, a former inmate, filed an Eighth Amendment claims against multiple defendants, alleging inadequate medical care. The Fourth Circuit stated that in the deliberate indifference context, a plaintiff is required to plead "specific factual allegations to each defendant [to] give[ ] fair notice to that defendant of that plaintiff's claim and the underlying factual support." *Id.* at 124. (citations omitted). The Court noted that the

"complaint makes only collective allegations against all 'Defendants,' without identifying how each individual defendant personally interacted with Langford or was responsible for the denial of his Eighth Amendment rights." *Id.* at 125.

In this case, Plaintiff's allegations against these defendants either improperly conflate "Provider Defendants," simply restate portions of Wood's chart verbatim, or make conclusory allegations "on information and belief" which fail to comply with the Fourth Circuit's directive that specific facts need to be alleged to demonstrate how Wood's rights were violated by each named defendant.

### B. **PLAINTIFF'S SECOND AND FOURTH CLAIMS FOR RELIEF SHOULD BE DISMISSED AGAINST WELLPATH.**

#### a. **Plaintiff's conclusory allegations and "formulaic recitations" in the Complaint are not entitled to the presumption of truth and should be disregarded for purposes of Wellpath's Motion to Dismiss these claims.**

The Plaintiff's Complaint contains conclusory statements, legal assertions, and/or formulaic recitations that relate to Wellpath. For example, Plaintiff alleges, in conclusory fashion, that Wellpath has a "history of providing inadequate, unconstitutional, and negligent medical care in detention facilities" across the nation [D.E. 2 at subheading B, p. 10; ¶ 32]; that Rowan County and/or the Sheriff's Office delegated to Wellpath the authority to make governmental policy regarding medical care at the Detention Center, *id.* at ¶¶11, 56, 121; and that the policies of Wellpath constituted deliberate indifference to Plaintiff's serious medical needs. *Id.* at ¶ ¶ 120, 124-129.

As explained above, these few conclusory statements, conclusory allegations, naked assertions, and/or formulaic recitations are not entitled to the presumption of truth, and

12

should therefore be disregarded for purposes of Wellpath's motion to dismiss. *Iqbal* at 678-79; *Twombly* at 555-557.

Similarly, to the extent that Plaintiff may argue that his conflated allegations against undifferentiated "Defendants" (See e.g., D.E. 2, ¶ ¶ 2, 4-6, 109, 115-118, 126-127, 135, 138-139) should be construed as allegations against Wellpath in support of these claims, such an argument would be fatally flawed pursuant to *Langford* which explains that in cases involving multiple named defendants, "generalized, conclusory, and collective allegations" against undifferentiated "Defendants" do not plausibly plead or state a claim against a particular defendant. *Langford* at 124-126.

In short, Plaintiff's conclusory statements and formulaic recitations regarding Wellpath are not entitled to the presumption of truth, and Plaintiff's conclusory allegations against conflated "Defendants" cannot be viewed as specific factual allegations against Wellpath. Therefore, these conclusory statements and allegations must be disregarded for purposes of Wellpath motion to dismiss.

> b. **Wellpath is entitled to dismissal of Plaintiff's *Monell* claims against it as Plaintiff failed to plead facts that his Constitutional rights were violated as the result of any policy of Wellpath.**

Governmental entities may be held liable under Section 1983 only when an injury is "inflicted by a government's 'lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *City of St. Louis v. Praptronik*, 475 U.S. 112, 121, 108 S. Ct. 915, 923 citing <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 690, 694, 98 S. Ct. 2018, 2037-38. A governmental entity "cannot be held liable [under Section

13

1983] solely because it employs a tortfeasor." *Monell*, supra. At 691. Instead, governmental liability attaches only when "execution of a government's policy or custom, whether made by its law makers or those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell*, 435 U.S. at 694. "Thus, not only must there be some degree of 'fault' on the part of the [governmental entity] in establishing or tolerating the custom or policy, but there also must exist a causal link between the custom or policy and the deprivation." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 820, 105 S.Ct. 2427, 2434-35, 85 L.Ed.2d 791 (1985).

Under *Monell* and its progeny, four theories can be pursued to show that an official policy, custom, or practice of a governmental entity violates Section 1983: (1) through an express unconstitutional policy, such as a written ordinance or regulation; (2) through the unconstitutional decisions of the person or entity with final policymaking authority; (3) through an omission, such as a failure to properly train, that manifests deliberate indifference to the rights of citizens; or (4) through an unconstitutional practice that is so persistent and widespread as to constitute a "custom or usage with the force of law." See, e.g., *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003), quoting *Carter v. Morris*, 164 F. 3d 215, 218 (4th Cir. 1999).

In the instant case, the governmental policy, as articulated in the RFP and contract, is that inmates are to be given medical care that conforms to NCCHC guidelines and North Carolina standards. (*see* D.E.32-1, General Conditions, and Specifications; D.E. 32-2, Article I, 1.1.2). Plaintiff has made no allegations that these guidelines or standards set

14

forth therein are unconstitutional. Additionally, and as explained in Defendants Rowan County and Rowan County Sheriff's Brief in Support of their Motion to Dismiss and the Contract, *see* D.E.s 32, sec. D and 32-2, Wellpath was not delegated final policymaking authority, and, as such, Plaintiff's conclusory allegations purporting otherwise fail to support a *Monell* claim against Wellpath.

Further, Plaintiff's Section 1983 failure-to-train/failure to supervise claim does not meet the requirements of *Iqbal/Twombly*. As noted above, in order to plead factual matters establishing a plausible Section 1983 claim against a governmental entity for failure to train, Plaintiff must plead facts showing "deliberate indifference." *Lytle,* supra. In the instant case, Plaintiff has failed to plead any factual matter showing that Wellpath was deliberately indifferent regarding training. To plead facts establishing a Section 1983 failure-to-train claim, a plaintiff must at least plead facts showing specific deficiencies in training. *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987). Plaintiff's Complaint fails to do this.

Furthermore, Plaintiff has also failed to plead any factual matter showing that there is a pattern or practice of unconstitutional treatment of prisoners that is "so persistent and widespread as to constitute a custom or usage with force of law." To plead a plausible claim under such a theory, Plaintiff would have to plead factual matter showing that Wellpath had actual or constructive knowledge of the custom, and failed "as a matter of specific intent or deliberate indifference" to correct the custom. See, e.g., *Howard v. City of*

*Durham*, 68 F.4th 934, 952-953 (4th Cir. 2023). Plaintiff has failed to plead any factual matter supporting such a theory.

Plaintiff may be attempting to show "deliberate indifference" by Wellpath based on Plaintiff's conclusory allegations that Wellpath and its predecessors were "notorious" for providing negligent or unconstitutional care. [D.E. 2, ¶¶ 55, 56, 122]. However, as noted above, Plaintiff's conclusory allegations regarding Wellpath's alleged notoriety are not entitled to the presumption of truth and must be disregarded for purposes of Wellpath's motion to dismiss. Plaintiff's attempts to rely on hearsay from articles to establish that, from 2014 to 2022, 75 inmates from around the United States had died while in the care of Wellpath and/or its predecessors are insufficient factual allegations. It is well-established that written articles are inadmissible as hearsay. See e.g., *United States v. ReBrook*, 58 F.3d 961, 968 (4th Cir. 1995) (it is not permissible to use articles "to prove the factual matters asserted therein"). Although it is not a settled question, some cases have indicated that hearsay cannot be used to establish a plausible claim under *Iqbal* and *Twombly*. See *Wasatch Equality v. Alta Ski Lifts Co.*, 55 F.Supp.3d 1351, 1368 (D. Utah 2014). However, even if hearsay from articles can be used to plead a plausible claim, the facts gleaned from the articles cannot establish a plausible claim in this case. In the instant case, the facts pled using the hearsay articles show that, from 2014 to 2022, only 75 out of 1 million inmates under the care of Wellpath and/or its predecessors passed away – which means that only 7.5 inmates out of 100,000 passed away. While not admitting the truthfulness of any of the conclusory hearsay statements contained in Plaintiff's Complaint, this number is

substantially lower than the local jail mortality rate in 2019 of 167 deaths per 100,000 inmates, as reported by the DOJ in a December 2021 report reflected in D.E. 32-2 and fully incorporated herein by reference.

Therefore, even if Wellpath had actual knowledge of this alleged mortality rate of 75 deaths per 100,000 inmates, such knowledge would not establish that it was "deliberately indifferent." In short, Plaintiff has failed to plead facts establishing any plausible Section 1983 claims against Wellpath.

### C. **PLAINTIFF'S THIRD CLAIM FOR RELIEF SHOULD BE DISMISSED BECAUSE THERE ARE NO ALLEGATIONS THAT DEFENDANTS CORRIGAN, ROWLAND, OR WELLPATH ARE LAW ENFORCEMENT OFFICERS.**

In his third claim for relief, failure to intervene or "bystander liability" under 42 U.S.C. § 1983, Plaintiff seeks to hold all defendants, including Dr. Corrigan, Ms. Rowland, and Wellpath, responsible for failing to prevent the violation of Mr. Wood's constitutional rights after having reasonable opportunity to do so. [D.E. 2, ¶ 131].

"[A]n officer may be liable under § 1983, on a theory of bystander liability, if he: (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall v. Prince George's Cnty., Md., 302 F.3d 188, 204 (4th Cir. 2002).

Plaintiff, however, makes no allegations that Dr. Corrigan, Ms. Rowland, nor Wellpath are law enforcement officers, and, in fact, they are not. Instead, Plaintiff alleges that at all times relevant to the Complaint, Defendant Kevin John Corrigan was a medical doctor; Defendant Ashley Rowland was a LPN/LVN; and, Wellpath, LLC is a limited

17

liability company contracted to provide medical care to detainees at RCDC, including Mr. Wood. The Fourth Circuit has yet to issue any decision holding a private medical provider liable for § 1983 "bystander liability". The only decisions discussing this type of claim concern such a claim against law enforcement or corrections officers. As such, this claim against Defendants Kevin John Corrigan, Ashley Rowland, and Wellpath should be dismissed.

IV. **CONCLUSION**

For the reasons stated herein, Defendants' motion should be granted and Plaintiff's First Claim for Relief against Defendants Kevin John Corrigan and Ashley Rowland should be dismissed, Plaintiff's Second and Fourth Claims for Relief against Wellpath, LLC should be dismissed, and Plaintiff's Third Claim for Relief against Defendant Kevin John Corrigan, Ashley Rowland, and Wellpath, LLC should be dismissed.

This the 15th day of December, 2023.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/Megan E. Cook
Jennifer B. Milak
N.C. State Bar No. 24418
Megan E. Cook
N.C. State Bar No. 47874
P.O. Box 19207
Raleigh, NC 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
***Attorneys for Defendants Wellpath, Williams, Rowland and Corrigan***
jmilak@teaguecampbell.com
mcook@teaguecampbell.com

# CERTIFICATE OF COMPLIANCE

I certify the foregoing Brief complies with the word limit contained in Local Rule 7.3(d)(1) for the United States District Court for the Middle District of North Carolina.

This the 15th day of December, 2023.

        **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

        BY: /s/Megan E. Cook
            Jennifer B. Milak
            Megan E. Cook
            ***Attorneys for Defendants Wellpath, Williams, Rowland and Corrigan***

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Elliot S. Abrams
Chesire Parker Schneider, PLLC
P.O. box 1029
Raleigh, NC 27602
elliot.abrams@chesirepark.com
***Attorney for Plaintiff***

Kathryn M. Alia (*Pro Hac Vice)*
Elizabeth C. Lockwood (*Pro Hac Vice*)
Ali & Lockwood, LLP
300 New Jersey Avenue, NW, Suite 900
Washington, DC 20001
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
***Attorneys for Plaintiff***

James R. Morgan, Jr.
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
jim.morgan@wbd-us.com
***Attorney for Defendants Rowan County,
J. Travis Allen, Kevin Auten, Gregory Hannold,
And Jerry Ewart***

This the 15th day of December, 2023.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/Megan E. Cook
Jennifer B. Milak
Megan E. Cook
***Attorneys for Defendants Wellpath,
Williams, Rowland and Corrigan***