IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DAVID RYAN WOOD,

          *Plaintiff*,

v.

WELLPATH, LLC, et al.,

          *Defendants*.

1:23CV811

## ORDER

This matter is before the Court on Plaintiff David Ryan Wood's Motion for an Initial Pretrial/Discovery Conference pursuant to Fed. R. Civ. P. 16 and Local Rule 16.1. This Court has considered this request. However, there are multiple motions to dismiss that have been filed and have been recently referred for review, and resolution of those motions could significantly affect the scope of discovery in this case. Plaintiff contends that discovery should nevertheless proceed because the Wellpath Defendants filed only a partial motion to dismiss, meaning that at least some claims will proceed, but the County Defendants oppose the request, noting that they have filed a motion to dismiss all claims, which should be considered before they are required to participate in discovery. The County Defendants note in particular that they have raised defenses of qualified immunity, which would include protection from the burdens of litigation if qualified immunity is found to apply. In addition, even if some claims remain, the scope of discovery could vary depending upon which claims and defendants remain. In the circumstances, and particularly in light of the issues and defenses raised by the County Defendants, the Court will not set the case for Initial Pretrial Conference at this time.

However, the Court is open to allowing written discovery and document production to proceed between Plaintiff and the Wellpath Defendants, without requiring any participation by the County Defendants. Thus, although the Court will not set the case for initial pretrial conference, Plaintiff and the Wellpath Defendants may proceed with the exchange of written discovery prior to the setting of an initial pretrial conference, particularly requests for production of documents. This will allow additional time for production of documents and help avoid the accelerated schedule that will apply after a Scheduling Order is entered. However, any discovery disputes will be considered and resolved after resolution of the motions to dismiss, so that the disputes can be considered in light of the specific claims proceeding.

IT IS THEREFORE ORDERED that the Motion to Set Initial Pretrial Conference [Doc. #52] is DENIED at this time, but Plaintiff and the Wellpath Defendants may engage in the limited exchange of written discovery, particularly requests for production of documents, while the motions to dismiss are pending.

This, the 16th day of April, 2024.

/s/ Joi Elizabeth Peake
United States Magistrate Judge

2

Case 1:23-cv-00811-LCB-JEP   Document 56   Filed 04/16/24   Page 2 of 2