IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:23-CV-811-LCB-JEP

| | |
|---|---|
| DAVID RYAN WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLPATH, LLC; THE COUNTY OF ROWAN; J. TRAVIS ALLEN in his Official capacity; KEVIN AUTEN in his Individual capacity; GREGORY HANNOLD in his Individual and Official capacity; OFFICER JERRY EWART in his Individual capacity; JOHN DOE CORPORATION/ PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY; KEVIN JOHN CORRIGAN in his Individual capacity; ASHLEY ROWLAND in her Individual capacity; JACQUELIN MICHELE WILLIAMS in her Individual capacity; UNKNOWN WELLPATH PROVIDER(S), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | |

**CONSENT PROTECTIVE ORDER**

**WHEREAS** Plaintiff filed this civil action against Defendants asserting claims, in part, arising out of medical care Plaintiff received while in the custody of Rowan County Detention Center;

**WHEREAS** Plaintiff seeks copies of the contract between Wellpath and the Sheriff and certain policies and procedures in place when Plaintiff was in the detention center. Wellpath, LLC objects to the information being relevant and Plaintiff asserts the information is relevant. Without reaching an agreement whether the information is relevant and otherwise admissible, the parties have

1

entered into an agreement for Wellpath, LLC to produce the information to Plaintiff pursuant to this Consent Protective Order;

**WHEREAS** Plaintiff seeks nurse orientation manuals and any manuals relevant to the provision of health care and/or mental health services. Wellpath, LLC objects to the information being relevant and Plaintiff asserts the information is relevant. Without reaching an agreement whether the information is relevant and otherwise admissible, the parties have entered into an agreement for Wellpath, LLC to produce the manuals to Plaintiff pursuant to this Consent Protective Order;

**WHEREAS** Plaintiff seeks all policies and procedures applicable to Wellpath's employees, agents or independent contractors staffed at the Rowan County Detention Center between July and September 2021. Wellpath, LLC objects to the information being relevant and Plaintiff asserts the information is relevant. Without reaching an agreement whether the information is relevant and otherwise admissible, the parties have entered into an agreement for Wellpath, LLC to produce the policies and procedures to Plaintiff pursuant to this Consent Protective Order;

**WHEREAS** Rule 26(c) of the Federal Rules of Civil Procedure provides that the Court may, for good cause shown, issue an order to protect a party or person from unreasonable annoyance or embarrassment and may require that confidential commercial and proprietary information not be revealed or be revealed only in a specified way;

**WHEREAS** the parties consent to the entry of this Protective Order; and

**WHEREAS** the Court hereby finds that there is good cause to enter this Consent Protective Order to protect the disclosure of copies of all contracts between Defendants, personnel documentation, manuals, practices, policies, and procedures in place when Plaintiff was in the detention center;

**IT IS THEREFORE ORDERED** that the following restrictions and procedures shall apply to Materials provided by any Producing Person that contain Confidential Information or Highly

Confidential Information as those terms are defined herein.

A. **Definitions**

For purposes of this Stipulated Protective Order, the following definitions apply:

1. "Confidential Information" means any non-public Material which contains any "trade secret or other confidential research, development, or commercial information," Federal Rules of Civil Procedure, Rule 26(c); proprietary or other confidential business information.

2. "Highly Confidential Information" means any Confidential Information that the Producing Person reasonably believes to be so sensitive that it is entitled to extraordinary protections.

3. "Materials" means any document, information, or transcript of testimony that is provided to any party in connection with the litigation of this action.

4. "Producing Person" means any person that provides or has provided Materials.

5. In determining whether information should be designated as "Confidential Information" or "Highly Confidential Information," each party agrees to use such designation only in good faith.

B. **Protection of Confidential Information and Highly Confidential Information in Discovery**

6. Whenever discovery is sought from any non-party in this action, a copy of this Order must accompany the discovery request or subpoena, unless a party has already provided the non-party with a copy of this Order. Non-parties may designate Materials as Confidential Information or Highly Confidential Information pursuant to the procedures set forth in this Order.

C. **Information or Highly Confidential Information pursuant to the procedures set forth in this Order.**

7. Any Producing Person (including through counsel) may designate all or any part of any Materials as Confidential Information or Highly Confidential Information to the extent the Producing Person determines, in good faith, that the Materials include Confidential Information or Highly

3

Confidential Information, and that such designation is necessary to protect the interests of the Producing Person. For designations of Confidential Information or Highly Confidential Information that occur after entry of this Order, the designations shall be made by using the labels as appropriate: "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTION ORDER" or "HIGHLY CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER."

8. Any confidentiality designations must be made at the time of disclosures, production, or tender. With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential Information" or "Highly Confidential Information" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition in which such information is disclosed.

9. Any production of Materials not designated as Confidential Information or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such Materials if the Producing Person later designates the Materials as Confidential Information or Highly Confidential Information within thirty (30) days of the date of production. If, within thirty (30) days of the date of production of the allegedly Confidential or Highly Confidential Information, a Producing Person realizes that it should have designated as Confidential Information or Highly Confidential Information any of that Person's Materials previously produced during discovery in this action, it may so designate such Materials by notifying the parties in writing. The parties shall thereafter treat the Materials pursuant to the Producing Person's new designation under the terms of this Order, subject to any other Party's right to contest the alleged confidential or Highly Confidential nature of the production. This disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

10. By entering into this Order, no party waives any privilege other than that the Parties shall

not withhold the unredacted copies of the contracts between Defendants. from production based upon alleged trade secret or proprietary privileges. The protections in this Order are reasonable to provide protection for any trade secret, confidential, or proprietary information contained within the unredacted copies of the contracts between Defendants.

11. Inadvertent production of any document provided by any Producing Person in this litigation, including in response to any discovery request, subpoena, or agreement by any party or non-party, that the Producing Person, within thirty (30) days of the allegedly inadvertent production, determines in good faith should have been withheld from production on grounds of attorney-client privilege and/or the work product doctrine (collectively referred to herein as an "Inadvertently Produced Privileged Document"), will not be deemed to waive attorney-client or privilege or work product protection, subject to the following provisions:

    a. Within thirty (30) days of the inadvertent production, the Producing Person may request the return of any Inadvertently Produced Privileged Document by identifying the Inadvertently Produced Privileged Document and stating the basis for the claim that the Document should have been withheld and providing a privilege log that provides the information provided by Federal Rule of Civil Procedure, Rule 26(b)(5). This includes the identification of (1) all recipients of the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected. If a Producing Person requests the return, pursuant to this paragraph, of such Inadvertently Produced Privileged Document then in the possession of one or more parties, the possessing parties shall, within five (5) business days, sequester, destroy, or return to the requesting party or non-party, the Inadvertently Produced Privileged Document and all copies thereof, provided, however, that the receiving party may retain one (1) copy of such

Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the producing party, in which case: (1) the receiving party shall notify the producing party in writing of its intention to retain a copy for such purpose within ten (10) business days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document, and (2) either party may thereafter seek a ruling from the Court with respect to the issue of whether the Inadvertently Produced Privileged Document is indeed privileged, whether by way of a motion to compel, motion for a protective order, or otherwise. All such motions shall be submitted in camera. Absent an order from the Court, no Inadvertently Produced Privileged Document shall be used for any purpose other than for challenging an assertion of privilege in accordance with the terms of this Paragraph. Absent the Court's ruling that the Inadvertently Produced Privileged Document is not subject to a valid privilege claim, the possessing party must promptly expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document.

  b.  No party may assert as a ground for challenging privilege the mere fact of the inadvertent production. Nothing in this Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly inadvertently produced document was not inadvertent or that conduct since production of the allegedly inadvertently produced document constitutes a waiver.

  c.  If the request for return of an Inadvertently Produced Privilege Document involves redaction of the Document, the redacted version of the Document must be provided within ten (10) business days together with a privilege log that includes the information required by Federal Rule of Civil Procedure, Rule 26(b)(5) and the identification of (1) all recipients of

the document as reflected on the document and in that document's metadata, if applicable, and (2) the files or sources from which the document was collected.

    d.      If the request for return of an Inadvertently Produced Privilege Document occurs during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Person's counsel, the examining counsel, and defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this Order. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary including a reopening that would have the effect of extending the time limit for duration of a deposition. Nothing in this Paragraph prohibits examining counsel to *voir dire* a deponent about matters set for in Federal Rule of Civil Procedure, Rule 26(b)(5) concerning the document.

    e.      If an expert report or expert's testimony uses a document that another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an

expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response, or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

**D. Challenges to Designation of Confidential Information or Highly Confidential Information**

12. Any party may challenge the designation of any Materials as Confidential Information or Highly Confidential Information. In the event of such a challenge, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the party challenging the designation may thereafter file a motion seeking resolution by the Court. The designated information shall be treated in accordance with its confidentiality designation under this Order until the Court rules on the motion.

13. Nothing in this Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this action is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of any Materials designated as Confidential Information or Highly Confidential Information in accordance with applicable law, except that such materials shall be deemed to be business records of the party designating the Confidential Information or Highly Confidential Information, unless the Producing Party specifically asserts otherwise at the time of production.

**E. Disclosure of Confidential Information or Highly Confidential Information**

14. Unless otherwise ordered by this Court, or otherwise provided in this Stipulated Protective Order, Confidential Information or Highly Confidential Information will be held and used by the person receiving the Confidential Information or Highly Confidential Information solely in connection with the above-captioned action.

15. Any Materials that contain Confidential Information shall not be disclosed to any person,

except:

   a.  The Court and all persons assisting the Court in this action, including court reporters and members of the Clerk's Office.

   b.  The parties' outside attorneys and employees, and independent contractors retained by any party to assist in the litigation of this action or otherwise assist in its work (including testifying or consulting experts and their support staff).

   c.  Attorneys for and employees of any insurance carrier that has or may have an obligation to provide a defense or to indemnify any party to this litigation relating to the events out of which this litigation arises, provided that each such person shall be asked to sign an agreement to be bound by this Stipulated Protective Order in the form attached as Exhibit A.

   d.  Outside vendors or service providers (such as copy-service providers and documents-management consultants) retained by any party to assist in the litigation of this action or otherwise assist in its work, provided that each such person shall be asked to sign an agreement to be bound by this Stipulated Protective Order in the form attached as Exhibit A.

   e.  Individuals scheduled to be called as deponents or witnesses at deposition or trial of this Action.

   f.  Authors, addressees, and recipients of any particular Materials designated as Confidential Information solely to the extent that they have previously had lawful access to the particular Materials disclosed or to be disclosed.

   g.  Persons (and their counsel) whom any Plaintiff or Defendant believes, in good faith, to have previously had lawful access to any Material designated as Confidential Information, or who have been participants in a communication that is the subject of the

designated Confidential Information and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such Confidential Information to which they may have had lawful access or that is the subject of the communication in which they may have participated; provided that, unless and until the person or their counsel confirms that the person had prior lawful access or was a participant, only as much of the Confidential Information may be disclosed as may be necessary to confirm the person's prior lawful access or participation; and

    h.     In-house lawyers (and necessary support staff) for each of the organizational parties, i.e., private or public entities, in this action ("In-House Lawyers") and up to three other employees of any organizational party may have access to Confidential Information (but not Highly Confidential Information) of a Producing Person. Each party shall provide to the other party – and to any Producing Person who has Confidential Information that may be disclosed to the In-House Lawyers – a signed declaration from each party employee, including in-house lawyers, that will have access to Confidential Information declaring that he/she has read this Protective Order, understands that he/she may use Confidential Information only for the purpose of this litigation, and will comply with and be personally bound by this Protective Order.

16.     Highly Confidential Information may be disclosed only to any person falling within categories (a) through (g) of Paragraph 14.

17.     Prior to a party's disclosure or display of Confidential Information or Highly Confidential Information to any person in (b), (c), (d), (g), or (h) of Paragraph 14, counsel for the party must:

    a. Inform the person of the confidential nature of the Material; and

10

Case 1:23-cv-00811-WO-JEP    Document 57-2    Filed 11/13/24    Page 10 of 15

  b. Inform the person that this Court has enjoined the use of the Material by him/her for any purpose other than this litigation (except as provided in this Order) and has enjoined the disclosure of the Material to any other person (except as provided in this Order).

The parties agree that this requirement is satisfied by providing a copy of this Order to the recipient prior to their receipt of any designated Material.

18. Nothing contained in this Order affects or restricts the rights of any party with respect to the party's rights to disclose its own Materials.

19. In the event of a disclosure of any designated Material to any person(s) not authorized to receive such disclosure under this Order, the party responsible for having made such disclosure shall promptly notify the Producing Person whose Material has been disclosed and provide to such Producing Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed Material or waive the right to maintain the disclosed Material as containing Confidential Information or Highly Confidential Information.

20. Any Order of this Court requiring the production of any Materials constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 522a(b)(11).

**F. Use of Confidential Information or Highly Confidential Information in This Action**

21. Nothing in this Order restricts any person, including any member of the public, from challenging the filing of any Confidential Information or Highly Confidential Information under seal.

22. Unless the Producing Party consents in advance to the filing of a document containing

designated Material on the public docket, a party filing any such document must comply with L.R. 5.4, and the default procedures for motions to seal provided in L.R. 5.4(e)E. The document(s) subject to any motion to seal shall be electronically filed under seal as Confidential Information or Highly Confidential Information and shall remain sealed until the motion to seal is decided.

23. Disclosure at trial of any Materials designated as Confidential Information or Highly Confidential Information will be governed by Court order. The parties shall meet and confer and submit a recommended order no later than sixty (60) days before trial outlining those procedures. The parties shall provide a copy of the recommended order to all Producing Persons who have produced Confidential Information or Highly Confidential Information that the parties reasonably anticipate will be utilized at trial. A Producing Party who receives such notice shall be permitted to file any counter-recommendations or objections no later than thirty (30) days before trial and request a hearing. Absent a ruling from the Court to the contrary, any Material designated as Confidential Information or Highly Confidential Information that appears on an exhibit list or in deposition designations that is admitted into evidence at trial will be disclosed on the public record, and any examination relating to such material will likewise be disclosed on the public record, after compliance with processes established by this Court.

### G. Procedures upon Termination of This Action

24. The obligations imposed by this Order survive the termination of this action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. At the conclusion of litigation, all witnesses and the parties will return or destroy the copies of the unredacted contracts between Defendants within 30 days after entry of a final judgment no longer subject to appeal. The parties' lawyers shall destroy the document at which time they are permitted by the ethics rules.

25. The foregoing is entirely without prejudice to the right of any party or non-party to apply

to the Court for any further Protective Order relating to Confidential Information or Highly Confidential Information, to apply to the Court for an order compelling production of documents or information, or for modification of this Order.

**SO ORDERED this the \_\_\_\_ day of _____, 2024**.

**Signed:**

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:23-CV-811-LCB-JEP

| | |
|---|---|
| DAVID RYAN WOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WELLPATH, LLC; THE COUNTY OF ROWAN; J. TRAVIS ALLEN in his Official capacity; KEVIN AUTEN in his Individual capacity; GREGORY HANNOLD in his Individual and Official capacity; OFFICER JERRY EWART in his Individual capacity; JOHN DOE CORPORATION/ PENNSYLVANIA NATIONAL MUTUAL INSURANCE COMPANY; KEVIN JOHN CORRIGAN in his Individual capacity; ASHLEY ROWLAND in her Individual capacity; JACQUELIN MICHELE WILLIAMS in her Individual capacity; UNKNOWN WELLPATH PROVIDER(S), | ) |
| Defendants. | |

**EXHIBIT A TO STIPULATED PROTECTED ORDER**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above-captioned litigation have been designated as "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" (or with a similar label) and have received a copy of the Court's Consent Protective Order.

Under penalty of contempt of Court, I hereby agree to comply with the Court's Consent Protective Order and will neither disclose any information contained in documents designated

14

Confidential or Highly Confidential to any other person or use any such information for any other purpose other than this litigation.

PRINTED NAME: _____

SIGNATURE: _____ DATE: _____