IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:23-CV-811

| | |
|---|---|
| DAVID RYAN WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELLPATH, LLC; THE COUNTY OF ) | |
| ROWAN; J. TRAVIS ALLEN, in his official ) | |
| capacity; KEVIN AUTEN, in his individual ) | |
| capacity; GREGORY HANNOLD, in his ) | |
| individual and official capacity; OFFICER ) | **DEFENDANT WELLPATH, LLC'S** |
| JERRY EWART, in his individual capacity; ) | **OBJECTION TO PLAINTIFF'S MOTION** |
| JOHN DOE ) | **FOR PROTECTIVE ORDER** |
| CORPORATION/PENNSYLVANIA ) | |
| NATIONAL MUTUAL INSURANCE ) | |
| COMPANY; KEVIN JOHN CORRIGAN, ) | |
| in his individual capacity; ASHLEY ) | |
| ROWLAND, in her individual capacity; ) | |
| JACQUELIN MICHELE WILLIAMS, in ) | |
| her individual capacity; and UNKNOWN ) | |
| WELLPATH PROVIDER(S), ) | |
| ) | |
| Defendants. ) | |

Defendant Wellpath, LLC Objects to Plaintiff's Motion for Protective Order [D.E. 65] as follows:

1. Defendants Wellpath, LLC, Kevin John Corrigan, Ashley Rowland, and Jacquelin Michele Williams ("Wellpath Defendants") original Motions' to Dismiss remain pending in this Court. [D.E. 33-34]. Defendant Wellpath, LLC filed a Notice of Discharge and Injunction and an additional Motion to Dismiss based on the Notice of Discharge and Injunction contemporaneously. [D.E. 63]. This Court has not ruled on any of the Wellpath Defendants' Motions at the time of filing this Objection. Furthermore, Plaintiff's Motion for Protective Order violates the Bankruptcy

Court's order. Pursuant to the Bankruptcy Plan, all Claims and Causes of Action against Wellpath Holdings, Inc. and its affiliated debtors (the "Debtors")[1] are discharged and holders of such Claims and Causes of Action are permanently enjoined from, among other things, commencing or continuing any proceeding of any kind, including the instant proceeding, in connection with such claims, or enforcing recovery from the Debtors, the Debtors' estates, or the Post-Restructuring Debtors. *See* 11 U.S.C. § 524 (a) ("A discharge in a case under this title - … (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .").

In addition, prior to the Bankruptcy Petition, this Court entered an Order Denying Plaintiff's Motion for Initial Pre-Trial/Discovery Conference and stayed all discovery while the Wellpath Defendants' Motions to Dismiss remain pending, except as follows:

> [T]he Court is open to allowing written discovery and document production to proceed between Plaintiff and the Wellpath Defendants, without requiring any participation by the County Defendants. Thus, although the Court will not set the case for initial pretrial conference, Plaintiff and the Wellpath Defendants may proceed with the exchange of written discovery prior to the setting of an initial pretrial conference, particularly requests for production of documents. This will allow additional time for production of documents and help avoid the accelerated schedule that will apply after a Scheduling Order is entered. However, **any discovery disputes will be considered and resolved after resolution of the motions to dismiss**, so that the disputes can be considered in light of the specific claims proceeding.

[D.E. 56]. (emphasis added).

---

[1] "Debtors" include Wellpath Holdings, Inc.; Physicians Network Association, Inc.; Alpine CA Behavioral Health HoldCo, LLC; CCS-CMGC Intermediate Holdings 2, Inc.; CCS-CMGC Intermediate Holdings, Inc.; CHC Companies, LLC; Conmed Healthcare Management, LLC; Correct Care Holdings, LLC; Correctional Healthcare Companies, LLC; Correctional Healthcare Holding Company, LLC; HCS Correctional Management, LLC; Healthcare Professionals, LLC; Jessamine Healthcare, LLC; Justice Served Health Holdings, LLC; Missouri JSH Holdco; Missouri JSH Manager, Inc.; Perimeter Hill RPA, LLC; Wellpath CFMG, Inc.; Wellpath Community Care Holdings, LLC; Wellpath Community Care Management, LLC; Wellpath Community Care Centers of Virginia, LLC; Wellpath Education, LLC; Wellpath Group Holdings, LLC; Wellpath Hospital Holding Company, LLC; Wellpath LLC; Wellpath Management, Inc.; Wellpath SF Holdco, LLC; WHC, LLC; WPMed, LLC; Zenova Management, LLC; and Zenova Telehealth, LLC.

Plaintiff's Motion for Protective Order is opposed by the Wellpath Defendants as it is improper. Prior to the Petition for Bankruptcy, Plaintiff served written discovery requests on the Wellpath Defendants as permitted pursuant to this Court's Order. However, any discovery disputes as to the written discovery should be considered and resolved after resolution of the Wellpath Defendants Motions to Dismiss, which has not occurred. Plaintiff's Motion for Protective Order is in violation of the court's order that all discovery disputes will not be considered until after the resolution of the pending Motions to Dismiss. Plaintiff's Motion is premature as the Wellpath Defendants Motions to Dismiss remain pending in this Court.

On November 11, 2024, Wellpath, LLC filed a Petition of Bankruptcy. After Wellpath, LLC filed its Petition, on November 13, 2024, Plaintiff filed his initial Motion for Protective Order and the case was stayed. There was no Motion for Protective Order pending prior to the Petition of Bankruptcy.

Further, Plaintiff's Motion is improper as the Motion and proposed Protective Order seek information from Defendant Wellpath, LLC, who has repeatedly provided to Plaintiff that it is discharged from this action. [D.E. 65-1]. Specifically, Plaintiff seeks production of manuals, contracts, policies and procedures from Wellpath, LLC. *Id.* Thus, Plaintiff's request for discovery from Wellpath, LLC is moot as it is discharged and should no longer be a party to this action.

Pursuant to the Federal Rules of Civil Procedure Rule 26, Defendant Wellpath, LLC, objects to Plaintiff's Motion for Protective Order as improper, moot, and premature. Defendant, Wellpath, LLC, respectfully requests that Plaintiff's Motion for Protective Order be denied.

This the 15th day of July, 2025.

                        **TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

                 BY: */s/ Jennifer B. Milak*
                      Jennifer B. Milak
                      N.C. State Bar No. 24418
                      Post Office Box 19207
                      Raleigh, North Carolina 27619-9207
                      Telephone: (919) 873-0166
                      Facsimile: (919) 873-1814
                      jmilak@teaguecampbell.com
                      ***Attorney for Defendant Wellpath LLC, Kevin John Corrigan, Ashley Rowland, and Jacquelin Michele Williams***

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record via email as follows:

Elliot S. Abrams
Erin L. Wilson
Chesire Parker Schneider, PLLC
P.O. Box 1029
Raleigh, NC 27602
elliot.abrams@cheshirepark.com
erin.wilson@cheshirepark.com
***Attorneys for Plaintiff***

Kathryn M. Alia (*Pro Hac Vice)*
Elizabeth C. Lockwood (*Pro Hac Vice*)
Meghan Palmer (*Pro Hac Vice*)
Ali & Lockwood, LLP
501 H Street NE, Suite 200
Washington, DC 20002
katie.ali@alilockwood.com
liz.lockwood@alilockwood.com
meghan.palmer@alilockwood.com
***Attorneys for Plaintiff***

James R. Morgan, Jr.
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
jim.morgan@wbd-us.com
***Attorney for Defendants Rowan County, J. Travis Allen, Kevin Auten, Gregory Hannold, And Jerry Ewart***

This the 15th day of July, 2025.

BY: */s/ Jennifer B. Milak*
Jennifer B. Milak – N.C. State Bar No. 24418
Post Office Box 19207
Raleigh, North Carolina 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
jmilak@teaguecampbell.com
***Attorney for Defendant Wellpath LLC, Kevin John Corrigan, Ashley Rowland, and Jacquelin Michele Williams***